IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID BROWN,

      Plaintiff,

vs.                                         No. CV 20-00741 KG/SMV

CURRY COUNTY ADULT DETENTION CENTER,

      Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

      THIS MATTER is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the handwritten complaint ("Complaint") filed by Plaintiff David Brown on July 23, 2020. (Doc. 1). The Court will dismiss the Complaint without prejudice for failure to comply with a Court order and failure to prosecute.

      The Court entered an Order to Cure Deficiencies on August 12, 2020, directing Plaintiff Brown to file his Complaint in proper form, and pay the filing fee or submit an application to proceed *in forma pauperis*. (Doc. 2). Plaintiff Brown never responded to the Court's Order to Cure Deficiencies. The record reflects that certain mailings to Plaintiff David Brown were returned as undeliverable. (Docs. 3, 5). The Court's research indicates that Plaintiff Brown has been released from the Curry County Detention Center. It appears that Plaintiff has been transferred or released from custody without advising the Court of his new address, as required by D.N.M. LR-Civ. 83.6, thus severing contact with the Court.

      The Court issued an Order to Show Cause on September 3, 2020, directing Plaintiff Brown to notify the Court of a new address, or otherwise show cause why the case should not be

dismissed, within 30 days of entry of the Order. (Doc. 4). More than 30 days has elapsed since entry of the Order to Show Cause and Plaintiff Brown has not provided the Court with a new address, responded to the Court's Order, or otherwise shown cause why the case should not be dismissed.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Plaintiff Brown has failed to comply with D.N.M. LR-Civ. 83.6 and with the Court's August 12, 2020, Order to Cure Deficiencies and September 3, 2020, Order to Show Cause.

Plaintiff Brown has failed to comply with the Court's orders and failed to prosecute this action by not keeping the Court apprised of his current address. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Order and failure to prosecute this proceeding.

IT IS ORDERED that the Complaint filed by Plaintiff David Brown (Doc. 1) is DISMISSED without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with the Court's Orders and failure to prosecute.

_____
UNITED STATES DISTRICT JUDGE